**FILED**
**Dec 05, 2018**
**02:27 PM(ET)**
**TENNESSEE COURT OF WORKERS' COMPENSATION CLAIMS**



# TENNESSE BUREAU OF WORKERS' COMPENSATION
# IN THE COURT OF WORKERS' COMPENSATION CLAIMS
# AT CHATTANOOGA

| | | |
|---|---|---|
| **Thomas Sustersic,** | ) | **Docket No.: 2017-01-0497** |
| **Employee,** | ) | |
| **v.** | ) | **State File No.: 51589-2017** |
| | ) | |
| **Lowe's Home Centers, Inc.,** | ) | **Judge Audrey A. Headrick** |
| **Employer.** | ) | |
| | ) | |

## COMPENSATION HEARING ORDER

The Court conducted a Compensation Hearing on November 14, 2018. The issue is whether Mr. Sustersic sustained a compensable hernia injury on April 22, 2017. For the reasons below, the Court holds Mr. Sustersic failed to establish by a preponderance of the evidence that he is entitled to benefits.

### History of Claim

Mr. Sustersic worked for Lowe's as a delivery driver. He alleged that he suffered a hernia injury on April 22, 2017. Mr. Sustersic moved, lifted and/or delivered many heavy products and appliances before and on April 22; his job description required heavy lifting up to 100 pounds without assistance. (Ex. 2 at 8-16.) However, Mr. Sustersic stated he routinely pulled orders that weighed over 100 pounds and averaged pulling about thirty appliances per day. The issue is whether Mr. Sustersic developed a hernia on or before April 22.

At the compensation hearing, Mr. Sustersic testified he had no hernia or abdominal problems before loading a range on April 22. He stated that on April 22 he felt "sluggish" or tired before going to another Lowe's location to pick up a range that weighed approximately 200 pounds. A forklift was not available, so Mr. Sustersic and a co-worker lifted the range and slid it into a flatbed truck. Further, he stated his stomach started hurting *after* they loaded the range, and he felt nauseous.

1

Mr. Sustersic testified differently at an expedited hearing when he stated his stomach felt "very uneasy" and hurt all day.[1] (Ex. 4 at 19; 31.) He acknowledged having a problem that occurred over the "last week, several days." *Id.* at 33. Mr. Sustersic testified his stomach was "slowly bothering [him] . . . to the point that he asked [the assistant manager] if she could have a guy come out there with a forklift to put [the range] on the back of the truck." *Id.* at 32. Although Mr. Sustersic testified at the compensation hearing that his pain began *after* moving the range, he previously described the range incident as "the straw that broke the camel's back." *Id.* at 28.

The next day Mr. Sustersic went to the Tennova emergency room and reported having abdominal pain, vomiting, and diarrhea since the prior day. (Ex. 2 at 2-3.) However, the cardiologist noted that Mr. Sustersic "reports that over the past week or so he has felt that his stomach was getting hard and whenever he would exert himself he would have stomach cramps." (Ex. 1, Depo. Ex. 4.) At the compensation hearing, Mr. Sustersic stated he did not recall telling a cardiologist about having week-long symptoms of stomach cramps and hardness.

After the cardiologist consult, Dr. Joshua Worthington performed emergency surgery on Mr. Sustersic after a CT scan revealed a ventral hernia with a bowel obstruction. Mr. Sustersic reported having abdominal pain for forty-eight hours before admission. Unfortunately, Mr. Sustersic had two failed hernia repair surgeries.

After Mr. Sustersic's second surgery, Dr. Worthington referred Mr. Sustersic to Dr. Vincente Mejia, a hernia specialist. Dr. Mejia performed a successful operation on Mr. Sustersic's "giant ventral hernia." (Ex. 2 at 5-7.) The parties stipulated that Dr. Mejia placed Mr. Sustersic at maximum medical improvement (MMI) on March 5 and assigned him a three percent medical impairment rating to the body. Mr. Sustersic did not return to work at Lowe's earning the same or greater wages as he earned before April 22, and Lowe's did not pay any temporary disability or medical benefits. Mr. Sustersic offered no medical proof from Dr. Mejia regarding the cause of Mr. Sustersic's hernia.

*Dr. Worthington's Testimony*

Dr. Worthington defined a ventral hernia, identified its causes, explained the symptoms and also explained how exertion affects a hernia. A ventral hernia is a hole in the anterior abdominal wall. This can result in abdominal matter, such as the bowel, protruding through the hole causing pain. There are three causes of ventral hernias: (1) a previous surgical incision; (2) congenital defects; and (3) idiopathic. Dr. Worthington stated that exertion can make hernias bigger and symptomatic. Some people develop asymptomatic hernias that become symptomatic through exertion. Hernias most

---

[1] The Court took under advisement the admissibility of the transcribed November 8, 2017 Expedited Hearing and sustains Mr. Sustersic's hearsay objection. Only those pages used to impeach Mr. Sustersic's testimony will be marked as cumulative Exhibit 4.

commonly cause pain and a bulge. If a bowel is protruding through the hernia, it can cause nausea and vomiting.

After reviewing the cardiologist's report and Mr. Sustersic's prior testimony, Dr. Worthington could not identify the cause of Mr. Sustersic's ventral hernia. When asked if he could state with any degree of medical certainty whether the lifting incident caused Mr. Sustersic's hernia, Dr. Worthington stated, "I cannot say one way or the other, no." (Ex. 1 at 29.) He explained, "Any conjecture I could have is just theoretical. So I really can't speak to anything prior to [seeing Mr. Sustersic]." *Id.* at 30.

Dr. Worthington could not determine whether the hernia pre-existed the lifting incident or developed suddenly. When asked if the hernias existed before April 2017, Dr. Worthington stated, "I would say there's a chance they could have but there's a chance they might not."[2] *Id.* at 30. When asked if the hernia developed suddenly, Dr. Worthington stated, "I cannot say." *Id.* at 44. When discussing whether Mr. Sustersic's hernias were due to an acute event or a gradual onset, Dr. Worthington stated, "It's hard to say." *Id.* at 41.

The small bowel stuck in the hernia caused nausea, vomiting, and abdominal pain that necessitated medical treatment; however, those symptoms did not mean an acute event caused the hernia. *Id.* at 45. Dr. Worthington testified, "Whether [the hernia] was there two days before or a week before or a year before, I don't know." *Id.* However, Dr. Worthington explained, "The thing that brought [Mr. Sustersic to the hospital] is the fact that he had small bowel stuck in this hernia. Whether that hernia was acute or not I don't know." *Id.*

## Findings of Fact and Conclusions of Law

Mr. Sustersic must prove all elements of his case by a preponderance of the evidence, which means more likely than not. Tenn. Code Ann. § 50-6-239(c)(6). Here, Mr. Sustersic did not satisfy any of the statutory requirements for a hernia except for the third criterion. For the following reasons, the Court holds Mr. Sustersic did not satisfy his burden of proof.

For his hernia claim, Mr. Sustersic is required to "definitely prove[] to the satisfaction of the court" that:

(1) There was an injury resulting in hernia or rupture;
(2) The hernia or rupture appeared suddenly;
(3) It was accompanied by pain;
(4) The hernia or rupture immediately followed the accident; and,

---

[2] During the first surgery performed by Dr. Worthington, he discovered a second, very small hernia located above the large hernia.

(5) The hernia or rupture did not exist prior to the accident for which compensation is claimed.

Tenn. Code Ann. § 50-6-212(a). The hernia must result from an "injury by accident arising primarily out of and in the course and scope" of Mr. Sustersic's employment. *Id.*

So guided, the Court will analyze each statutory requirement.

Mr. Sustersic did not satisfy the first criterion of an injury resulting in hernia. He clearly sustained a ventral hernia. However, Dr. Worthington's testimony does not establish that the hernia resulted from an "injury by accident arising primarily out of and in the course and scope" of Mr. Sustersic's employment. He explained, "Any conjecture I could have is just theoretical." *Id.* at 30. Likewise, the medical records are silent regarding a work-related injury. Although Mr. Sustersic contended he injured himself when loading a range onto a flatbed truck, the medical proof does not support his contention. The Court also finds Mr. Sustersic's attempt to modify his testimony at the compensation hearing unpersuasive. Therefore, the Court holds that Mr. Sustersic did not satisfy the injury requirement.

As for the second criterion, Mr. Sustersic did not satisfy the requirement that his hernia appeared suddenly. When our Legislature used the word "suddenly," it meant that the hernia must have developed without warning or "without previous notice." *Etter v. Blue Diamond Coal Co.*, 215 S.W.2d 803, 806 (Tenn. 1948). Here, Dr. Worthington explicitly stated he could not say if Mr. Sustersic's hernia developed suddenly from an acute event or if it was from a gradual onset. Similarly, Mr. Sustersic's testimony detailed a gradual onset of pain in the days and/or week *before* the lifting incident. In his own words, Mr. Sustersic described the lifting incident as "the straw that broke the camel's back." Therefore, the Court holds that Mr. Sustersic did not satisfy the sudden-appearance requirement.

Mr. Sustersic satisfied the third criterion of a hernia accompanied by pain. It is undisputed that Mr. Sustersic experienced pain. His testimony and the cardiologist's report indicate he began experiencing pain, stomach hardening, and cramps a few days to a week before April 22. Mr. Sustersic also reported to Dr. Worthington that he had abdominal pain for 48 hours before he sought emergency treatment. Therefore, the Court holds that Mr. Sustersic satisfied the pain requirement.

Mr. Sustersic did not satisfy the fourth criterion that the hernia immediately followed an accident. A hernia is "immediate" and compensable if it appears so soon after the injury that it cannot be attributed to any other cause. *Etter v. Blue Diamond Coal Co.*, 215 S.W. 2d 803 (Tenn. 1948). Mr. Sustersic's hernia was discovered upon his admission to the hospital. However, as Dr. Worthington repeatedly testified, it is unclear whether the hernia developed before the lifting incident. Therefore, the Court holds that Mr. Sustersic did not satisfy this requirement.

4

Regarding the final criterion, Mr. Sustersic did not satisfy the requirement that the hernia was not pre-existing. Dr. Worthington's opinion only offered uncertainty and speculation. When asked if Mr. Sustersic's hernias existed before April 2017, Dr. Sustersic stated, "There's a chance they could have but there's a chance they might not." Ex. 1 at 30. He also speculated that it was "hard to say" as to whether Mr. Sustersic's hernias were due to an acute event or a gradual onset. *Id.* at 41. Therefore, the Court holds that Mr. Sustersic did not satisfy the requirement that his hernia was not pre-existing.

*Conclusion*

The Court holds the evidence shows Mr. Sustersic failed to establish by a preponderance of the evidence that his hernia arose primarily out of and in the course and scope of his employment with Lowe's. Therefore, his claim for workers' compensation benefits is denied.

**Alternative Findings**

Solely in the event that an appellate body finds error in the compensability holding, the Court makes the following alternative findings for the sake of judicial economy. *See Cunningham v. Shelton Sec. Serv.,* 46 S.W.3d 131, 137-138 (Tenn. 2001). ("The trial court should . . . hear the entire case and make appropriate findings of fact, and alternative findings when necessary, for appellate review.")

With regard to temporary disability benefits from April 22, 2017, through March 5, 2018, Mr. Sustersic did not prove entitlement to the requested benefits. Here, Mr. Susterisic did not submit any medical proof regarding the time periods any medical provider took him off work and/or imposed restrictions.

Permanent partial disability benefits are calculated by multiplying the impairment rating by 450 weeks, then multiplying the result by the employee's weekly compensation rate. Here, the parties agreed Dr. Mejia rated Mr. Sustersic with a three-percent-impairment to the body and a $472.57 compensation of rate. Therefore, the Court holds that Mr. Sustersic is entitled to an original award of permanent partial disability benefits totaling $6,379.70.

Tennessee Code Annotated section 50-6-207(3)(B) provides that the employee may claim increased benefits if he has not returned to work for any employer or has returned to work receiving less wages or salary than he received before his work injury. Mr. Sustersic qualifies for two of the multipliers. The parties stipulated that Mr. Sustersic did not successfully return to work (1.35) and is over 40 years old (1.2). Thus, the Court also holds in the alternative that the resulting award would total $10,335.11.

Mr. Sustersic is entitled to future medical treatment with Dr. Mejia as his treating physician. However, Lowe's is not required to pay for past medical treatment obtained by Mr. Sustersic, as he offered no proof on the issue.

**IT IS, THEREFORE, ORDERED** as follows:

1. Mr. Sustersic's claim is denied on the grounds of compensability.

2. Lowe's shall pay court costs of $150.00 to the Court Clerk within five business days of this order becoming final.

3. Lowe's shall prepare and submit a Statistical Data Form (SD2) within ten business days of this order becoming final.

4. Absent an appeal, this order shall become final thirty days after issuance.

**ENTERED December 5, 2018.**

**Judge Audrey A. Headrick**
**Court of Workers' Compensation Claims**

6

# APPENDIX

Exhibits:

1. Deposition of Dr. Joshua Worthington
2. Collective Exhibit with Table of Contents:
   a. Job description
   b. Tennova medical records
   c. Operative note
   d. Delivery tickets
3. Joint Pre-Compensation Hearing Statement
4. Pages 19; 28; 32-33 of Transcript of Evidence—Expedited Hearing dated November 8, 2017
5. Remainder of Transcript of Evidence marked for identification purposes only

Technical Record:

1. Petition for Benefit Determination, filed July 17, 2017
2. Dispute Certification Notice, filed September 28, 2017
3. Request for Expedited Hearing
4. Notice of Expedited Hearing
5. Expedited Trial Brief
6. Notice of Filing Supplemental Exhibits to Employer's Expedited Trial Brief
7. Employer's List of Witnesses
8. Expedited Hearing Order
9. Petition for Benefit Determination, filed May 5, 2018
10. Dispute Certification Notice, filed September 14, 2018
11. Joint Pre-Compensation Hearing Statement
12. Employee's Trial Brief
13. Employer's Trial Brief

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of this Order was sent to the following recipients by the following methods of service on December 5, 2018.

| Name | Certified Mail | Via Email | Email Address |
|---|---|---|---|
| Matthew Coleman, Employee's Attorney | | X | mcoleman@loganthompsonlaw.com lhaywood@loganthompsonlaw.com |
| Ben Reese, Rob Carden, Employer's Attorneys | | X | ben.reese@leitnerfirm.com rob.carden@leitnerfirm.com |

w/ permission JD

**Penny Shrum, Clerk of Court**
**Court of Workers' Compensation Claims**
**WC.CourtClerk@tn.gov**



<u>Compensation Hearing Order Right to Appeal</u>:

If you disagree with this Compensation Hearing Order, you may appeal to the Workers' Compensation Appeals Board or the Tennessee Supreme Court. To appeal to the Workers' Compensation Appeals Board, you must:

1. Complete the enclosed form entitled: "Compensation Hearing Notice of Appeal," and file the form with the Clerk of the Court of Workers' Compensation Claims *within thirty calendar days* of the date the compensation hearing order was filed. When filing the Notice of Appeal, you must serve a copy upon the opposing party (or attorney, if represented).

2. You must pay, via check, money order, or credit card, a **$75.00 filing fee** *within ten calendar days* after filing of the Notice of Appeal. Payments can be made in-person at any Bureau office or by U.S. mail, hand-delivery, or other delivery service. In the alternative, you may file an Affidavit of Indigency (form available on the Bureau's website or any Bureau office) seeking a waiver of the filing fee. You must file the fully-completed Affidavit of Indigency *within ten calendar days* of filing the Notice of Appeal. **Failure to timely pay the filing fee or file the Affidavit of Indigency will result in dismissal of your appeal.**

3. You bear the responsibility of ensuring a complete record on appeal. You may request from the court clerk the audio recording of the hearing for a $25.00 fee. A licensed court reporter must prepare a transcript and file it with the court clerk *within fifteen calendar days* of the filing the Notice of Appeal. Alternatively, you may file a statement of the evidence prepared jointly by both parties *within fifteen calendar days* of the filing of the Notice of Appeal. The statement of the evidence must convey a complete and accurate account of the hearing. The Workers' Compensation Judge must approve the statement of the evidence before the record is submitted to the Appeals Board. If the Appeals Board is called upon to review testimony or other proof concerning factual matters, the absence of a transcript or statement of the evidence can be a significant obstacle to meaningful appellate review.

4. After the Workers' Compensation Judge approves the record and the court clerk transmits it to the Appeals Board, a docketing notice will be sent to the parties. The appealing party has *fifteen calendar days* after the date of that notice to submit a brief to the Appeals Board. *See the Practices and Procedures of the Workers' Compensation Appeals Board.*

**To appeal your case directly to the Tennessee Supreme Court, the Compensation Hearing Order must be final and you must comply with the Tennessee Rules of Appellate Procedure. If neither party timely files an appeal with the Appeals Board, the trial court's Order will become final by operation of law thirty calendar days after entry.** *See* **Tenn. Code Ann. § 50-6-239(c)(7).**

*For self-represented litigants: Help from an Ombudsman is available at 800-332-2667.*



## COMPENSATION HEARING NOTICE OF APPEAL

Tennessee Division of Workers' Compensation
www.tn.gov/labor-wfd/wcomp.shtml
wc.courtclerk@tn.gov
1-800-332-2667

Docket #: _____

State File #/YR: _____

_____

**Employee**

v.

_____

**Employer**

### Notice

Notice is given that _____

[List name(s) of all appealing party(ies) on separate sheet if necessary]

appeals the order(s) of the Court of Workers' Compensation Claims at _____

_____ to the Workers' Compensation Appeals Board.

[List the date(s) the order(s) was filed in the court clerk's office]

**Judge**_____

### Statement of the Issues

Provide a short and plain statement of the issues on appeal or basis for relief on appeal:

_____

_____

_____

### List of Parties

**Appellant (Requesting Party):**_____At Hearing:☐Employer☐Employee

Address:_____

Party's Phone:_____Email:_____

Attorney's Name:_____BPR#: _____

Attorney's Address:_____ Phone: _____

Attorney's City, State & Zip code:_____

Attorney's Email:_____

*Attach an additional sheet for each additional Appellant*

Employee Name: _____  SF#: _____  DOI: _____

**Appellee(s)**
**Appellee (Opposing Party):**_____At Hearing:☐Employer☐Employee


Appellee's Address: _____

Appellee's Phone: _____Email:_____

Attorney's Name: _____ BPR#: _____

Attorney's Address:_____ Phone: _____

Attorney's City, State & Zip code: _____

Attorney's Email: _____

*\* Attach an additional sheet for each additional Appellee \**


**CERTIFICATE OF SERVICE**

I,_____ , certify that I have forwarded a true and exact copy of this
Compensation Hearing Notice of Appeal by First Class, United States Mail, postage prepaid, to all
parties and/or their attorneys in this case in accordance with Rule 0800-02-22.01(2) of the Tennessee
Rules of Board of Workers' Compensation Appeals on this the_____day of_____, 20___.


[Signature of appellant or attorney for appellant]      _____


Attention: This form should only be used when filing an appeal to the Workers' Compensation Appeals
Board. If you wish to appeal a case to the Tennessee Supreme Court, please utilize the form provided by
the Court which can be found on their website at the following address:
http://www.tncourts.gov/sites/default/files/docs/notice_of_appeal_-_civil_or_criminal.pdf



**Tennessee Bureau of Workers' Compensation**
**220 French Landing Drive, I-B**
**Nashville, TN 37243-1002**
**800-332-2667**

### AFFIDAVIT OF INDIGENCY

I, _____, having been duly sworn according to law, make oath that because of my poverty, I am unable to bear the costs of this appeal and request that the filing fee to appeal be waived. The following facts support my poverty.

1. Full Name:_____     2. Address: _____

3. Telephone Number: _____     4. Date of Birth: _____

5. Names and Ages of All Dependents:

_____ Relationship: _____

_____ Relationship: _____

_____ Relationship: _____

_____ Relationship: _____

6. I am employed by: _____

    My employer's address is: _____

    My employer's phone number is: _____

7. My present monthly household income, after federal income and social security taxes are deducted, is:

$ _____

8. I receive or expect to receive money from the following sources:

| | | | |
|---|---|---|---|
| AFDC | $ _____ | per month | beginning _____ |
| SSI | $ _____ | per month | beginning _____ |
| Retirement | $ _____ | per month | beginning _____ |
| Disability | $ _____ | per month | beginning _____ |
| Unemployment | $ _____ | per month | beginning _____ |
| Worker's Comp. | $ _____ | per month | beginning _____ |
| Other | $ _____ | per month | beginning _____ |

9. My expenses are:

Rent/House Payment $ _____ per month    Medical/Dental $ _____ per month

Groceries          $ _____ per month    Telephone      $ _____ per month

Electricity        $ _____ per month    School Supplies $ _____ per month

Water              $ _____ per month    Clothing       $ _____ per month

Gas                $ _____ per month    Child Care     $ _____ per month

Transportation     $ _____ per month    Child Support  $ _____ per month

Car                $ _____ per month

Other              $ _____ per month (describe: _____ )

10. Assets:

Automobile              $ _____        (FMV) _____

Checking/Savings Acct. $ _____

House                   $ _____        (FMV) _____

Other                   $ _____        Describe: _____

11. My debts are:

Amount Owed                    To Whom

_____            _____

_____            _____

_____            _____

_____            _____

**I hereby declare under the penalty of perjury that the foregoing answers are true, correct, and complete and that I am financially unable to pay the costs of this appeal.**

_____
APPELLANT

Sworn and subscribed before me, a notary public, this

_____ day of _____, 20_____.

_____
NOTARY PUBLIC

My Commission Expires: _____

LB-1108 (REV 11/15)                                RDA 11082